OPINION. Atkins, Judge: Under the provisions of section 3797 (a) of the 1939 Internal Revenue Code, an “association” is included within the term “corporation.” Applying this provision of the Code to the Teich Trust, the respondent has determined that it is an association, subject to tax as a corporation. His action has resulted in the determination of deficiencies for the years 1949 and 1950. The leading case on the issue presented here is Morrissey v. Commissioner, 296 U. S. 344, wherein, with elaborate care, the Supreme Court examined the matter of taxation of trusts in its historical setting and set forth at length its views as to a number of problems that had arisen in the many trust-association cases that had been litigated. As we read the opinion in the Morrissey case, the first question to be resolved is whether the organization under scrutiny is, on the one hand, an association in the light of the history of the statute and regulations, or, on the other, a traditional trust. On this point the Court said: “Association” implies associates. It implies the entering into a joint enterprise, and, as the applicable regulation imports, an enterprise for the transaction of business. This is not the characteristic of an ordinary trust — whether created by will, deed, or declaration — by which particular property is conveyed to a trustee or is to be held by the settlor, on specified trusts, for the benefit of named or described persons. Such beneficiaries do not ordinarily, and as mere cestuis que trustewt, plan a common effort or enter into a combination for the conduct of a business enterprise. Undoubtedly the terms of an association may make the taking or acquiring of shares or interests sufficient to constitute participation, and may leave the management, or even control of the enterprise, to designated persons. But the nature and purpose of the cooperative undertaking will differentiate it from an ordinary trust. In what are called “business trusts” the object is not to hold and conserve particular property, with incidental powers, as in the traditional type of trusts, but to provide a medium for the conduct of a business and sharing its gains. The Court also stated that it is impossible in the nature of. things to translate the statutory concept of “association” into a particularity of detail that would fix the status of every sort of enterprise or organization. It has been recognized, therefore, that each case must be considered as a special, individual and separate problem. James E. Davidson v. United States, 24 A. F. T. R. 1118, affd. 115 F. 2d 799. Under the facts before it in the Morrissey case, and in each of the other cases decided at the same time,[2] the Court found that there was an association within the intent of the statute and language of the regulations. In each of those cases owners of interests in property voluntarily associated themselves, through the form of a trust, in a joint enterprise for the transaction of business. In this case, in contrast with the facts in the Morrissey case, the beneficiaries did not associate themselves in any enterprise. Here Curt Teich, Sr., and his wife, Anna L. Teich, conveyed particular property to trustees, on specified trusts, for the benefit of their children. The testimony in the case is that it was the purpose and desire of the grantors to create an estate for the benefit of their children which could not be dissipated by spendthrift operations. To effectuate this purpose the trust instrument provides against anticipation by the beneficiaries of any interest in either principal or income. It is provided that the beneficiaries cannot assign their right to principal or income and any attempted anticipatory assignment shall be absolutely null and void. The beneficiaries had not had any previous interest in the trust property, except Anna L. Teich, who thereafter had only a life interest. Under the circumstances of this case it is our opinion that it cannot be said that the beneficiaries planned a common effort or entered into a combination for the conduct of a business enterprise. It is our view that these beneficiaries are not associates and that the trust should not be considered an association within the meaning of the statute and the regulations and the rule of the Morrissey case. Rather, we believe the trust is properly to be classified as a traditional trust, or as the Court calls it in the Morrissey case, an “ordinary trust.” The distinction that we see in the Morrissey case between organizations which consist of property owners who associate themselves for the operation of their properties for profit, and those in which an ancestor places his property in trust for others, has been drawn in other cases. In Blair v. Wilson Syndicate Trust, 39 F. 2d 43, it was stated: A distinction is to be made between an agreement between individuals in the form of a trust and an Express trust created by an ancestor, although they may have some features in common. The controlling distinction is that one is a voluntary association of individuals for convenience and profit, the other a method of equitably distributing a legacy or donation. Congress has recognized this distinction, classing the former as associations, to be taxed as corporations, and at the same time providing for a separate and distinct method of taxing the income of estates and trusts created by will or deed, classing them together for that purpose. Similarly in Living Funded Trust of Harry E. Lyman, 36 B. T. A. 161, where the grantor set up a trust for the benefit of his wife, children, and grandchildren, in holding that the trust was not an association, it was said: In the case under consideration the beneficiaries did not establish a trust for the management of properties owned by them as tenants in common. They did not associate themselves together for the prosecution of a common enterprise; they did not create an “association” upon the methods and forms used by corporations; they had no part in establishing the trust, and were without power to modify the trust agreement or to terminate the trust. The respondent contends that the powers vested in the trustees, described at some length in our Findings of Fact, permit them to conduct a business, as distinguished from the mere holding and conservation of property. It is our view that whether or not the trustees are empowered to conduct a business, the trust is not taxable as an association in a case such as this, where ancestors set up a traditional or ordinary trust for the benefit of the, natural objects of their bounty and there has been no voluntary association of those beneficiaries for the purpose of carrying on a business. In any event, it is our opinion that the powers given to the trustees here, while broad, do not transcend proper powers customarily reposed in trustees for the protection and conservation of trust corpus. In support of his position the respondent cites, among other cases, Roberts-Solomon Trust Estate, 34 B. T. A. 723, affd. 89 F. 2d 569, in which it was held that the trust was an association taxable as a corporation. In that case the grantor transferred rental property in trust for the benefit of persons holding certificates of beneficial interests to be issued by the trustees. The certificates of beneficial interest, which were transferable, were issued in the first instance by the trustees to the grantor in exchange and full payment for the property conveyed in trust. The grantor in turn transferred some of the certificates back to the trustees in trust for each of her children and grandchildren for the purpose of paying them income for a term of years. The certificates were transferable by the beneficiaries after first being offered for sale to the trustees and the other beneficiaries. On termination of the trust the trust property was to pass to the then holders of beneficial certificates. That case is distinguishable from the instant case because the trust instrument there did not purport to place property in trust for the purpose of conservation for the benefit of any persons who might be the natural objects of the donor’s bounty. It did not name personal beneficiaries at all, but only referred to impersonal certificate holders. Such certificate holders became not merely the owners of an equity in real estate, but also the owners of transferable certificates. There was no certainty in that case that the trust corpus would ultimately go to the settlor’s children and grandchildren. The Court of Appeals emphasized that the business was “not necessarily for the benefit of stated persons, for the certificates are transferable and all may pass into other hands.” The respondent relies on the Roberts-Solomon case principally on the point of what constitutes associates in an enterprise. We said in the opinion in that case that the mere fact that the participants “were given the business instead of creating it themselves seems no reason for holding that there is no association.” That holding must be read in the light of its factual setting. The settlor was an active participant in the enterprise, through being a certificate holder, and, as the Court of Appeals stated: Each person on accepting shares in a business enterprise thus organized becomes an associate. The holding in that case that the beneficiaries were associates is consistent with the thought expressed in the Morrissey case in the quotation above, that “the terms of an association may make the taking or acquiring of shares or interests sufficient to constitute participation * * *.” The case of Porter Property Trustees, Ltd., 42 B. T. A. 681, affd. 130 F. 2d 276, also relied on by the respondent on this point, is likewise distinguishable. In that case 3 of the 5 beneficiaries of the trust, and also the president of the board of trustees of the trust, had been stockholders of the corporation whose stock was placed in trust and whose assets were acquired by the trust. They were, therefore, associated in interest in the trust property both before and after the creation of the trust. In the opinion in that case, in discussing the point of associates, it was said: we need look only beyond the creation of the trust to the prior corporation to find parents and children happily associated together under the form of a corporation in carrying on their farming operations. In the transmutations which followed it would seem of little moment that certain members of the family passed from the active role of shareholders to the passive one of beneficiaries. Here, in contrast with the above cases, the grantors entirely disassociated themselves from the trust property (save for the life interest of Anna. L. Teich), the beneficiaries had had no previous interest in the property, and they had no certificates or evidences of interest or participation which would make them associates in the operations of the trust. The only interests they received were nonassignable rights to income, and eventually corpus, according to the provisions of the trust instrument. Thus, the cases principally relied on by the respondent are not in point on the facts, and we are not aware of any others which would support or require u holding that the Teich Trust constitutes an association within the purview of the taxing statute. As the petitioner was not an association taxable as a corporation in the years 1949 and 1950, it follows that the respondent erred in determining the deficiency for 1950 in taking into account the entire amount of long-term capital gain realized on sales of assets in that year. Sec. 117 (b), I. R. C. 1989. Decision will be entered under Bule 50. Swanson v. Commissioner, 296 U. S. 362; Helvering v. Goleman-Gilbert Associates, 296 U. S. 369; and Helvering v. Combs, 296 U. S. 365.